UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYROBIS ORTIZ, *on behalf of herself and others similarly situated*,<br><br>         *Plaintiff*,<br><br> -against-<br><br>LASERSHIP, INC.,<br><br>         *Defendant*. | No.<br><br><u>COMPLAINT</u><br><br>**Jury Trial Demanded** |

Plaintiff Mayrobis Ortiz ("Plaintiff"), individually and on behalf of all other similarly situated persons employed by Lasership, Inc. ("Lasership" or "Defendant"), as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

<u>NATURE OF THE ACTION</u>

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendant failed to pay Plaintiff and a proposed class of others similarly situated, who worked at Defendant's office locations and warehouses in New York State, the required overtime pay of time and one-half for hours worked in excess of forty hours per week and failed to pay them the required minimum wage for all hours worked. Plaintiff and a proposed class are entitled to recover from Defendant: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) liquidated damages on those amounts; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," she and a proposed class of other similarly situated employees are entitled to recover from Defendant: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages for untimely wage payments; (3) liquidated damages and civil penalties pursuant to the New York

Labor Law and the New York State Wage Theft Prevention Act; and (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendant maintains a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

6. Plaintiff Mayrobis Ortiz is an adult over 18 years of age, a citizen of New York State, and resident of Ulster County.

7. Defendant Lasership, Inc. describes itself as the largest regional e-commerce parcel carrier in the country and the leader in e-commerce last-mile delivery. Upon information and belief, Defendant had $876 million in annual revenue in 2022.

8. Defendant conducts business in New York York State and operated the Orange County location at 157 Bracken Road, Montgomery, New York, 12549 where Plaintiff worked.

9. Defendant Lasership, Inc. is a foreign business corporation and maintains a service of process address on file with the New York Department of State presently as 80 State Street, Albany, New York, 12207 and a principal place of business listed as 8401 Greensboro Drive, 7th Floor, McLean, Virginia, 22102.  Lasership, Inc., with an address of 1912 Woodford Road, Vienna, Virginia, 22182-3728, is the employer entity listed on Plaintiff's pay stubs.

## STATEMENT OF FACTS

10. The following facts are alleged to Plaintiff's best recollection and are consistent among members of the Proposed Class.  Plaintiff reserves the right to amend these pleadings upon receiving discovery from Defendant, including records that Defendant is required to maintain under the New York Code of Rules and Regulations.

11. Plaintiff was employed by Defendant full time from around August 2016 to around March 2020 at one of Defendant's locations in Orange County at 157 Bracken Road in Montgomery, New York.

12. Defendant employed between 5-15 office support and warehouse employees at their Montgomery, New York location.

13. During the day shift, Plaintiff observed a general manager, the manager's assistant, a morning office worker, an afternoon or evening office worker, and one or two daytime warehouse workers.

14. For the overnight shift, Defendant employed as many as 8-10 warehouse workers, 4-5 of whom were employed directly by Defendant, with the rest being hired on a temporary basis through a staffing agency.

15. All of the warehouse workers performed physical tasks, including uploading and loading trucks, storing and sorting packages, and preparing packages for Defendant's delivery drivers.

16. All of Defendant's warehouse workers were paid by Defendant on a bi-weekly basis.

17. Upon information and belief based on a Google Maps search, Defendant maintains approximately eight similar office and warehouse locations in New York State:

   a. 223 E. 2nd Street, Mineola, New York, 11501.
   b. 3601 47th Avenue, Long Island City, New York, 11101.
   c. 57-47 47th Street, Maspeth, New York, 11378.
   d. 10 Midland Avenue, Portchester, New York 10573.
   e. 840 Broadway, Newburgh, New York, 12550.
   f. 145-20 157th Street, Jamaica, New York 11434.
   g. 157a Bracken Road, Montgomery, New York 12549.
   h. 35 Commerce Avenue, Albany, New York 12206.

18. Upon information and belief, the Newburgh and Montgomery locations may have been consolidated and moved to 2 Commerce Drive, South Harriman, New York, 10926 sometime in 2020.

19. The number of employees likely varies at each location, but upon information and belief Defendant employees approximately 5-15 non-exempt employees in office support, warehouse worker, and package sorter roles at each location.

20. For example, Defendant currently has four separate job opening roles posted on the Indeed job board for its Maspeth location in Queens County, two "package sorter" and two "warehouse worker" positions.

21. The job descriptions for Defendant's four posted job openings are identical and are substantially similar to the Manual Worker warehouse roles observed by Plaintiff at Defendant's Montgomery location in Orange County, all of whom were paid bi-weeky:

> As a Warehouse Worker based at our fast-paced facility in Maspeth, NY, you will be accountable for working within a team to unload small packages from trailers, sort packages by routes, and load trucks.

22. Plaintiff was originally hired by Defendant to work in an "Office PM" role, meaning an office worker who worked in an afternoon and evening shift.

23. Plaintiff's original schedule was from 12 noon to 8:30 pm or 9:00 pm in the evening. At this time, Defendant's Montgomery location was primarily handling pharmaceutical deliveries for medical supply companies such as Cardinal Health.

24. Beginning around late 2018 or early 2019, Plaintiff began working from 7 am until 4 pm or later. Around this time Defendant's Montgomery location began to handle non-pharmaceutical next day delivery items as well, including for internet commerce companies like Amazon.

25. When Plaintiff would work on Defendant's pharmaceutical deliveries, if there was ever a return from a customer, Defendant required Plaintiff to follow a specific routine that required her to leave the office, go back to the warehouse area, inspect the return, "palletize" the returned product by loading them onto wooden pallets and wrapping them, and then locking up the pallet of pharmaceutical products in a secure location in the warehouse.

26. Also around late 2018 or in early 2019, Defendant required Plaintiff to take on new responsibilities which she understood to be more in line with a "project coordinator" role, although she did not receive an official title change, or a standard increase in her pay.

27. Plaintiff's additional job responsibilities included processing Defendant's delivery driver applications, who were hired as independent contractors.

28. Defendant required Plaintiff to perform a range of physical tasks, including lifting and handling incoming and outgoing freight, building and wrapping pallets of delivery items, and breaking down pallets.

29. Despite performing these physical tasks for Defendant more than 25% or the time, Defendant paid Plaintiff on a bi-weekly basis at all times.

30. Defendant paid Plaintiff $15.00 per hour for most of her employment, but raised her hourly rate to $17.00 per hour around January or February of 2020.

31. During Plaintiff's employment, Defendant had a policy of automatically deducting 30 min meal breaks from Plaintiff's hours each day, whether or not Plaintiff and the other office support and warehouse workers actually took them.  On most days, Plaintiff worked through her lunch break, continuing to work through her lunch break, answering phones and coordinating deliveries while eating on the go.

32. Throughout Plaintiff's employment, she worked for Defendant on a full-time basis.

33. After Plaintiff was moved to the daytime shift, she worked for Defendant from around 7 am until around 4 pm each day.

34. However, given the nature of Defendant's business and the job duties which it assigned to Plaintiff, Defendant's delivery drivers would call Plaintiff after she had clocked out from work and gone home each day.

35. Throughout Plaintiff's employment, she fielded calls from home until as late as 11 pm, working an average of two additional hours each day for which she was not paid.

36. Defendant did not compensate Plaintiff at her regular hourly rate or at the required overtime rate for any of the additional ten hours that she worked on average each week from home.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as: All current and former hourly employees of Defendant employed at Defendant's office and warehouse locations in New York State for the three-year period prior to the filing of the complaint.

38. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than one hundred (100) Collective Action Members who worked for the Defendant during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or

varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    1. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    2. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    4. Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

      5. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

      6. Whether the Defendant failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

      7. Whether the Defendant failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## **CLASS ACTION ALLEGATIONS**

45. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

46. The relevant statutory period is six years preceding the date of the filing of this complaint.

47. Plaintiffs also hereby state that statutory period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

48. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class,"

under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: All current and former exempt, hourly employees of Defendant employed as Manual Workers at Defendant's office and warehouse locations in New York State during the Relevant Period.

49. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiff's observations while working for Defendant and available public information, there are a minimum of 100 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

50. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

51. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

52. Plaintiff has committed herself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

53. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

54. Plaintiff understands that, as class representative, she assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

55. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

56. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

57. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

> 1. Whether the Defendant employed Plaintiff and the Class members within the meaning of the New York Labor Law;
>
> 2. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;
>
> 3. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> 4. What hourly was the employee's hourly rate;
>
> 5. Whether the Defendant failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours

per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

6. Whether the Defendant failed to pay Plaintiff and the Class members the required minimum wage for all hours worked;

7. What were the employee's duties;

8. At what frequency was the employee paid;

9. Did the Defendant provide the employee with accurate annual and periodic wage notices;

10. Whether Defendant's violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

11. Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIMS

### COUNT I: FLSA – Overtime and Minimum Wage

*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

58. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

59. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

60. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the

Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.     At all relevant times, Defendant employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

62.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

63.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendant failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

64.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked.  Defendant failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

65.     At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

66.     Defendant has knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours

per week and at the minimum wage for all hours worked, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

67. Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

68. Defendant failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

69. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

70. Due to the reckless, willful and unlawful acts of Defendant, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

71. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay and Minimum Wage**

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

72. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

73. Defendant employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

74. Defendant knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiff and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked.

75. Defendant failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

76. Defendant failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

77. Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

78. Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

79. Due to the Defendant's New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency

accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

80. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III: NYLL - Untimely Pay

*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

81. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein

82. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Proposed Class.

83. Defendant failed to pay Plaintiff and the Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

84. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

85. As such, the failure to provide wages owed to Plaintiff and the Proposed Class, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Associate. Constr. Mgmt.*, LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

86. Due to Defendant's violations of the NYLL, Plaintiff and the Proposed Class are entitled to recover from Defendant compensatory damages for all loss in an amount to be

determined at trial, plus the amount of the underpayments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

87. All of Defendant's employees, with the possible exception of its most senior managers, are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

### COUNT IV: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

88. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

89. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully

violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

91. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

93. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

94. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable

attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendant's failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendant's failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii. Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix. An injunction requiring Defendant to pay all statutorily required wages pursuant to the FLSA and NYLL;

x. An award of prejudgment and post-judgment interest;

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated:  New York, NY
        May 2, 2023

**LAW OFFICE OF MOHAMMED GANGAT**

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*